IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JOHNNY PAUL DODSON                                                         PLAINTIFF
ADC #077252

V.                                     NO. 5:03cv00267 JMM-JWC

KIM LUCKETT                                                               DEFENDANT

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

I.  Instructions

The following recommended disposition has been sent to United States District Court Judge James M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR  72201-3325

## II.  Recommended Disposition

Introduction

Plaintiff is an indigent inmate represented by appointed counsel.  He filed this 42 U.S.C. § 1983 civil rights action on July 16, 2003 (docket entry #2).  His basic allegations were that he has an old wrist injury and a metal plate in one leg and that because of these conditions, he should never be cuffed behind his back, but should only be cuffed with his hands in front.  He alleged that he had a medical "script" ordering that he be cuffed only in front, but that this was ignored (and countermanded) by Defendant Luckett, who told officers to cuff him in back.  He says cuffing in back caused pain because it strained his wrist and shoulder and that it posed a threat of a fall, which could cause the metal plate to sever an artery, resulting in a risk of death.  He alleged mental anguish arising from this possibility.

Defendant Kim Luckett[1] has filed a motion for summary judgment, brief in support, and a statement of undisputable material facts pursuant to Local Rule 56.1 of the Rules of the United States District Court for the Eastern District of Arkansas (docket #141, #142, #144). Plaintiff did not file a timely response. Defendant Luckett then filed a motion to deem the statement of facts admitted (docket entry #145). After being contacted by the Court, appointed counsel for Plaintiff filed a motion to withdraw (docket entry #146) in which he stated he was unable to form a good faith belief in any argument which might defeat Defendant's motion for summary judgment and that he and Plaintiff were in disagreement. Counsel also filed a response to the motion to deem admitted, saying that its resolution should be held in abeyance until the matter of representation is resolved (docket entry #147).

For the reasons stated below, I recommend that the motion to deem admitted be granted, and further recommend that summary judgment be granted. Granting those motions would result in complete dismissal of the action and render the withdrawal issue moot.

### Procedural History of Case

The procedural history of the case is relevant to determination of the motion to deem admitted. During the early stages of the case, there were various attempted amendments to the pleadings and various defendants were added or dismissed. On June 8, 2005, Defendants filed a motion for judgment on the pleadings and brief in support (docket entries #110, #111) seeking to dismiss Plaintiff's complaint in its entirety. I

---

[1] Kim Luckett, Assistant Warden of the Cummins Unit, Arkansas Department of Correction, is the sole remaining defendant. The other named defendants have been dismissed previously.

recommended (docket entry #119) that Plaintiff's claims against Defendants Norris, Hobbs, and Reed be dismissed with prejudice for failure to state a claim.  I further found that Plaintiff's claim for monetary damages against Defendant Luckett in an individual capacity was not barred by the Eleventh Amendment.  Last, I recommended that only Plaintiff's Eighth Amendment deliberate indifference claim against Defendant Luckett be permitted to proceed to trial.  This recommendation was adopted in its entirety by order entered March 24, 2006 (docket entry #121).

Plaintiff filed a motion for preliminary injunction which, after a hearing, I recommended be granted in part.  This recommendation was adopted in its entirety.  The language of the order was as follows:

> The Court hereby orders that Plaintiff not be cuffed with his hands behind his back so long as he remains in the general population. However, should he be placed in administrative segregation or any sort of punitive status, officials may use their best judgment in deciding how he should be cuffed when necessary.  In the event they decide, based on the circumstances, that he should be cuffed with his hands behind his back, they shall use double cuffs to extend the length of the cuffs to accommodate his limited range of motion in his shoulders.  Should they do so, proper precautions should be taken to insure that he does not fall.

(Docket entry #84.)

However, after a second hearing to determine whether a permanent injunction should be entered, I recommended that the injunction be modified.  The evidence established that there was no danger of a severed artery in the event Plaintiff fell, that Plaintiff had in the past been found guilty of assault on other inmates and had been found guilty of an assault on another inmate after the initial hearing.  Plaintiff did have limited range of motion in his shoulder.  My recommendation was that the injunction be modified to state that:

> . . . in the absence of an additional/further medical restriction, should prison officials determine in the exercise of sound discretion that cuffing Plaintiff behind the back is necessary, they may do so with the limitation that they must use two sets of cuffs connected so as to extend the length of the cuffs.

(Docket entry #106.) This recommendation was adopted in its entirety (docket entry #108), leaving only the claim for damages against Defendant Luckett for allegedly ignoring the original medical script and ordering officers to cuff Plaintiff behind his back, albeit with two sets of cuffs.

Plaintiff had made a jury demand, and counsel was appointed to represent him on March 29, 2006 (docket entry #123).  Jury trial was originally set for January 8, 2007 (docket entry #126).  Appointed counsel moved for a continuance on December 28, 2006 (docket entry #130) and the jury trial was rescheduled to April 5, 2007 (docket entry #131). Defendant then moved for a continuance on February 15, 2007 (docket entry #132) and the jury trial was again rescheduled, this time to August 27, 2007 (docket entry #134).  Due to a scheduling conflict, Judge Moody cancelled the jury trial and reset trial for March 3, 2008 (docket entries #139, #140).  Defendant filed his motion for summary judgment on November 7, 2007.  Plaintiff's appointed counsel, who was appointed nearly two years previously, did not respond. On December 13, 2007, counsel was contacted and reminded that the time to respond to the summary judgment motion had passed, and that there was a pending motion to deem Defendant's statement of facts admitted.  In response, counsel filed a motion to withdraw (docket entry #146) as well as a pleading in response to the motion to deem admitted (docket entry #147).  Neither filing addresses the motion for summary judgment or the motion to deem admitted on the merits.  Instead, counsel stated that, based upon the evidence adduced to date and the arguments in Defendant's motion

and brief, he was unable to form a good faith belief in any argument which might defeat Defendant's motion.  Counsel said he could not file a response which Plaintiff would be willing to approve.  He said he discussed this matter with Plaintiff by telephone and they agreed that the best course of action is for counsel to obtain permission to withdraw and for Plaintiff to pursue this matter through other appointed counsel if the Court will so appoint, or pro se if the Court declines to appoint new counsel.

Recommendation on Motion to Deem Admitted
(docket entry #145)

I recommend that the motion to deem admitted be granted.  The time to raise the question whether there was a good faith response and to raise disagreements between counsel and client would have been before the deadlines expired.  This was not done and no action was taken prior to the reminder by the Court, despite the fact that appointed counsel had been in the case for an extended period.  Defendant is entitled to a timely resolution of the motion for summary judgment and the claims against him.  Permitting withdrawal of counsel and further pleading will unduly prolong that resolution, to Defendant's prejudice.  Further, granting the motion will not prejudice Plaintiff because, as will be discussed below, summary judgment would be appropriate based on his deposition testimony alone.

Pursuant to Local Rule 56.1(c) of the Rules of the United States District Court for the Eastern District of Arkansas, all material facts set forth in Defendant's statement of material facts shall be deemed admitted unless controverted by a statement filed by Plaintiff.  Counsel, on Plaintiff's behalf, has filed no such statement, albeit with probable justification, despite a clear opportunity to do so.  Therefore, although a litigant's verified

complaint is generally considered an affidavit for purposes of summary judgment, <u>Burgess</u>

<u>v. Moore</u>, 39 F.3d 216, 218 (8th Cir. 1994), the Court should adopt Defendant's recitation

of the facts.  See <u>Jackson v. Arkansas Dep't of Educ., Vocational & Technical Educ. Div.</u>,

272 F.3d 1020, 1027 (8th Cir. 2001) ("pursuant to Local Rule 56.1(c), [plaintiff] forfeited her

ability to contest the facts presented in the Department's original summary judgment

motion by her failure to respond to the Department's motion"); <u>see</u> <u>also</u> <u>In re: Bridge Info.</u>

<u>Sys., Inc.</u>, 297 B.R. 759, 762 n.2 (Bankr. E.D. Mo. 2003) (citing <u>Jackson</u>, 272 F.3d at 1027-

28) (same); <u>Washington v. Robinson</u>, 68 F.3d 479 (8th Cir. 1995) (unpub. per curiam) (§

1983 lawsuit involving excessive force used in connection with arrest dismissed on

summary judgment motion; no abuse of discretion where district court deemed facts

admitted and granted summary judgment based upon plaintiff's failure to respond to the

motion within the time required by the Arkansas local rules).   For these reasons

Defendant's motion to deem admitted should be granted.

<u>Recommendation on Motion for Summary Judgment</u>
(docket entry #141)

a.  <u>Standard</u>

    Summary judgment is appropriate "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there

is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law." Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317,

322 (1986).   The Court must view the evidence in the light most favorable to the

nonmoving party, giving him the benefit of all reasonable factual inferences. <u>Reed v. ULS</u>

<u>Corp.</u>, 178 F.3d 988, 990 (8th Cir. 1999).  A moving party is nevertheless entitled to

7

summary judgment if the nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he will have the burden of proof at trial. Celotex, 477 U.S. at 322-23. To avoid summary judgment, the nonmovant must go beyond the pleadings and come forward with specific facts, "by [his] own affidavit" or otherwise, showing that a genuine, material issue for trial exists. Id. at 324; Fed. R. Civ. P. 56(e). A nonmovant has an obligation to present affirmative evidence to support his claims. Settle v. Ross, 992 F.2d 162, 163-64 (8th Cir. 1993).

b. Analysis

With Defendant's facts admitted it is clear that summary judgment should be granted. As stated above, only Plaintiff's claim for damages for deliberate indifference remains for consideration.

Plaintiff's claim is more properly characterized as deliberate indifference to a known medical condition/restriction rather than a medical care denial claim. As such, it is appropriately analyzed under the standard applicable to Eighth Amendment failure to protect claims. "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993).

In order to prevail on this claim, Plaintiff must prove both that Defendant Luckett's acts objectively caused a sufficiently serious deprivation and that Defendant had a subjectively culpable state of mind. Farmer v. Brennan, 511 U.S. 825, 837 (1994) (holding that "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety").

First, the deprivation alleged must be objectively and sufficiently serious. Id. at 834 (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1994)). In other words, Plaintiff must demonstrate that he was "incarcerated under conditions posing a substantial risk of serious harm." Farmer, 511 U.S. at 834. Second, Plaintiff must establish that Defendant Luckett had a "sufficiently culpable state of mind." Id. (internal citations and quotations omitted). "In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety." Id. (quoting Wilson, 501 U.S. at 302-303). Estelle v. Gamble[2] established that deliberate indifference consists of something more than mere negligence. Farmer holds that the prison official must know of and disregard an excessive risk to inmate health or safety; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Framer, 511 U.S. at 837. However, an official's failure to alleviate a risk that he should have perceived, but did not, is not sufficient for a finding of liability. Id. at 838. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact . . . including inference from circumstantial evidence, . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Id. at 842; see also Spruce v. Sargent, 149 F.3d 783, 786 (8th Cir. 1998) ("if a plaintiff presents evidence of 'very obvious and blatant circumstances' indicating that the defendant knew the risk existed, the jury may properly infer that the official *must* have known"). Prison officials may avoid liability by proving that they were unaware of any risk to inmate health or safety or that, although aware of the underlying facts indicating a

---

[2]  429 U.S. 97 (1976).

sufficiently substantial danger, they believed that the risk was "insubstantial or nonexistent." Farmer, 511 U.S. at 844.  Additionally, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Id.

Plaintiff must demonstrate that he was incarcerated under conditions posing a substantial risk of serious harm.  Next, he must demonstrate that Defendant Luckett knew of and disregarded the excessive risk to his safety.  According to Defendant, as well as the evidence attached to his motion (see docket entries #141, #142, #144), Plaintiff has failed to establish that a substantial risk to either his health or safety existed.  In his complaint, Plaintiff alleged he was issued a permanent medical script for front-only handcuffs, and that any time he was forced to be cuffed behind his back, it caused him pain.  He further feared that a fall while hand-cuffed behind his back could possibly cause the steel plate in his hip to puncture a main artery located just above the plate.  This fear, he said, was based upon what a physician had once told him after his surgery, some fifteen to twenty years ago.  In his deposition; however, Plaintiff testified that throughout his incarceration period, he had fallen only once, which was while he was in the shower, and that he was able to catch himself and did not hit the ground.  Defendant contends that Plaintiff has not asserted that he was frequently placed in situations in which he was faced with a likelihood that a fall could occur— at least no more than every other individual housed in the Arkansas Department of Correction.  While Plaintiff may have had a fear of many things, he has failed to establish that there was a likelihood that he would fall, and that if he did fall, the plate in his hip would sever an artery.  Further, by extending the length of the

restraints by using two sets of cuffs, he would no longer be subjected to pain from being

cuffed behind the back.

Plaintiff must also establish that Defendant Luckett knew of, and disregarded an

excessive risk to his safety.  In his complaint, Plaintiff alleges that beginning sometime in

2003, various unnamed officers applied handcuffs to him behind the back, thus refusing

to follow his medical script to be cuffed in the front only.  Plaintiff alleges these officers

refused to adhere to the scripts per direct order of Defendant Luckett.  Plaintiff also asserts

that Defendant Luckett's instructions to ignore these scripts were racially motivated and

that it was well known Luckett didn't like whites.  While it is true that Plaintiff filed numerous

grievances regarding being handcuffed in the back (see Grievances CU03-0561; CU03-

0741; CU03-0908; and CU03-0972 attached to Plaintiff's complaint), each Warden's

Decision was signed by Warden M.D. Reed, not by Defendant Luckett.

In his deposition, Plaintiff testified that prior to the June 2003 conversation with

Defendant Luckett inside Luckett's office, he had never had any prior conversations with

Defendant Luckett regarding his medical scripts for handcuffs.  Plaintiff also testified that

the June 2003 discussion with Defendant Luckett was the only "verbal confrontation" he'd

had with Defendant Luckett, that Defendant Luckett "ain't no bad fellow," and that he had

not had any prior problems with Defendant Luckett prior to this issue.  Defendant contends

that this testimony clearly refutes Plaintiff's allegations that he essentially targeted Plaintiff

because he was a white.  In fact, Plaintiff's own testimony establishes that there were no

prior problems between him and Defendant during the period of time leading up to June

2003.  By Plaintiff's own admissions, he cannot establish that Defendant Luckett's actions

objectively caused a sufficiently serious deprivation, or that Defendant Luckett had a subjectively culpable state of mind.

Defendant Luckett is not a medical provider. He does not provide medical treatment to inmates, nor has he ever provided any medical treatment to Plaintiff. Defendant Luckett has no medical training. Plaintiff has testified that a doctor is the only one who can issue a medical script and it is undisputed that Defendant Luckett is not a physician. According to Kay McGee, the Director of Nursing for Correctional Medical Services ("CMS") in 2004, Defendant Luckett played no role in the voiding or issuance of any medical scripts. Plaintiff has failed to offer any evidence that Defendant Luckett knew of and disregarded an excessive risk to his health or safety; thus, there is no evidence that Defendant Luckett was deliberately indifferent to Plaintiff's needs.

Furthermore, it appears that counsel's belief that there is not a legally sound basis for controverting the motion for summary judgment is correct, even if Defendant's statement of facts is not deemed admitted. Defendant Luckett is the Assistant Warden at the Cummins Unit. However, as stated above, by Plaintiff's own admission in deposition, his only involvement with Defendant arises from an incident when Plaintiff was brought to Defendant's office in connection with an unrelated matter. Plaintiff testified that he was cuffed in the front and that Defendant Luckett asked why. According to Plaintiff, Luckett was then shown a medical order that he not be cuffed in front. Luckett allegedly said he would agree to Plaintiff's being cuffed in back with two sets of cuffs (which would extend the length and take stress off his arms and shoulders) but not to Plaintiff's being cuffed in front. The transcript includes the following exchange:

Q. Okay. Mr. Luckett then told you while you were sitting in his office that
he was going to void your script?

A. He wasn't going - - he would go for two cuffs in the back. He's not going
for one set of cuffs.[3]

Plaintiff testified that he was then seen by medical staff, who changed the medical order

to allow for cuffing behind the back with two sets of cuffs. Plaintiff is bound by his

deposition testimony and cannot create an issue of fact by controverting it now. The Eighth

Circuit has held "many times that a party may not create a question of material fact, and

thus forestall summary judgment, by submitting an affidavit contradicting his own sworn

statements in a deposition." Sheldon v. Unum Life Ins. Co. of Am., No. 8:06CV31, 2007

WL 3124535, at *4 (D. Neb. Oct. 23, 2007) (citing Dotson v. Delta Consol. Indus., Inc. 251

F.3d 780, 781 (8th Cir.2001) (citations omitted) and Conolly v. Clark, 457 F.3d 872, 876

(8th Cir.2006)) (stating that "a properly supported motion for summary judgment is not

defeated by self-serving affidavits.").

As discussed above, in order to be guilty of deliberate indifference to an inmate's

safety, the officer must actually know of and be indifferent to a threat to safety. Here, as

a matter of law it cannot be said that Defendant Luckett's action amounted to a deliberate

indifference to Plaintiff's safety. Defendant Luckett was dealing with an inmate with violent

tendencies and had to balance the needs of the institution (and safety of officers and other

inmates) with the needs of the inmate. The solution he reached was exactly the same as

the terms of the final injunction imposed by this Court; i.e., Plaintiff could be cuffed behind

---

[3] Exhibit A to Defendant's motion for summary judgment (docket entry #141, Attachment
#1), page 21 of the deposition, lines 14-18.

the back so long as two sets of cuffs were used.  This solution adequately took Plaintiff's

condition into account and was not deliberate indifference.

### III.  Conclusion

In accordance with the above, IT IS, THEREFORE, RECOMMENDED that:

1.      Defendant's motion to have his statement of facts deemed admitted (docket

entry #145) should be GRANTED.

2.      Defendant's motion for summary judgment (docket entry #141) should be

GRANTED.

3.      Plaintiff's case should be DISMISSED in its entirety.[4]

4.      Any remaining pending motions should be DENIED AS MOOT.

DATED this 11th day of February, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4]  Dismissal as to Defendants Church and CMS was without prejudice (see docket entry #26).  Dismissals against other defendants should be with prejudice as well as that against Defendant Luckett because it does not appear that Plaintiff could state a cause of action against any of them.